UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LIVAN ALFONSO RAAD,

      Petitioner,

    v.                                                  Case No.:  2:26-cv-01550-SPC-KRH

WARDEN MATHEW MORDANT *et al.*,

      Respondents,

                             /

## OPINION AND ORDER

Before the Court are petitioner Livan Alfonso Raad's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Alfonso Raad is a native of Cuba who entered the United States on May 16, 1995, and later became a lawful permanent resident. An immigration judge ordered him removed on August 21, 2007, following convictions for cannabis trafficking, petit theft, and fraudulent use of a credit card. Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Alfonso Raad under an order of supervision on August 28, 2007. On April 15, 2026, local law enforcement arrested Alfonso Raad for willful disregard of the environment, and ICE issued an immigration detainer. ICE took custody of Alfonso Raad on April 17, 2026.

Alfonso Raad claims his detention violates his due-process rights because ICE detained him without providing notice of the reason or conducting

an informal interview.  The government's response challenges the Court's jurisdiction and defends detention under the *Zadvydas* framework, but it does not explicitly address Alfonso Raad's procedural due process claim.

The government submitted exhibits relevant to the due process claim, but they do not withstand scrutiny.  They include a Notice of Revocation of Release and an Alien Informal Interview form.  The notice's proof of service indicates a deportation officer served it on Alfonso Raad at the Miramar hold room" at 14:45 on April 17, 2026, and Alfonso Raad refused to sign it.  (Doc. 6-1 at 4).  But ICE's detention records show Alfonso Raad was at Turner Guiford Knight Correctional Center until 17:38 on April 17 and was not booked into the Miramar hold room until 17:43.  Thus, the notice appears to be falsified. The government makes no attempt to explain the discrepancy.  The Court does not find the government's unexplained, inconsistent exhibits sufficient to rebut Alfonso Raad's claim that he did not receive notice or an informal interview when ICE revoked his release.

Before addressing the merits of Alfonso Raad's claim, the Court must address its jurisdiction.  The respondents argue two sections of the INA strip the Court of jurisdiction over this action.  They first points to a provision that bars courts from hearing certain claims.  It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas

> corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  This jurisdictional bar is narrow.  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.").  "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."  *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law

> (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Alfonso Raad does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Alfonso Raad claims his detention violates his Fifth Amendment right to due process. A decision in Alfonso Raad's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

The Court turns to the merits of Alfonso Raad's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Alfonso Raad's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects.  *Zadvydas*, 533 U.S. at 690.  Second, the risk of erroneous deprivation of that interest is substantial here.  As explained above, the only evidence that ICE gave Alfonso Raad notice of the reason for his detention or an opportunity to address it appears falsified.  Thus, the Court finds that ICE gave Alfonso Raad no opportunity to contest the reasonableness of his detention.  What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.4(l) and § 241.13(i), the regulations governing revocation of orders of supervision.  Those safeguards include contemporaneous notice of the reason for revocation and a prompt informal

interview to address the reason.  Without notice and an interview, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the laws enacted by Congress.  Third, while the government has a legitimate interest in executing removal orders, ICE does not show how timely compliance with § 241.4(l) or § 241.13(i)'s notice and interview procedures would have burdened that interest.

For these reasons, the Court finds that ICE violated Alfonso Raad's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby **ORDERED:**

Livan Alfonso Raad's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Alfonso Raad within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record